**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Minnesota Laborers Health and Welfare Fund; Minnesota Laborers Pension Fund; Minnesota Laborers Vacation Fund; Construction Laborers' Education and Training Fund of Minnesota and North Dakota; Minnesota Laborers Employers Cooperation and Education Trust,

Plaintiffs,

vs.

National Surface Cleaning, Inc.,

Defendant.

Civil No. 00-2442 (RHK/JMM)

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

---

This matter was heard before the undersigned on the 25th day of April, 2001. Pamela H. Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant. Based upon the submissions of the Plaintiffs, it is hereby ordered:

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on November 2, 2000 and served it upon the Defendant on that same date.

2. On November 6, 2000, Plaintiffs filed an Amended Complaint. That Amended Complaint was served upon Defendant on that same date.

3. Defendant has failed to file and serve an Answer to the Summons and Amended Complaint.

APR 26 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD APR 26 2001
DEPUTY CLERK

4. Plaintiffs are joint fringe benefit trust funds (the "Funds"), which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health, and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

5. Defendant accepted and agreed to be bound by a certain Collective Bargaining Agreement (Bargaining Agreement) with the Laborers District Council of Minnesota. The Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 15th day of the month following the month for which the contribution is being made.

6. The Bargaining Agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions on all unpaid contributions, plus interest on the unpaid contributions.

7. Defendant NSC failed to submit the monthly report forms for the months of June, July, and August 2000.

8. Plaintiffs reviewed records submitted by Defendant's employees for the months of June, July, and August 2000 and determined that based upon those records, $211,629.17 was due and owing for fringe benefit contributions for those months.

9. In addition, $21,162.92 is due and owing for this same period for liquidated damages.

10. In light of the complexity of the litigation, and based upon the submissions of Plaintiffs' counsel, Plaintiffs' reasonable attorney fees and costs relating to this action total $6,760.82.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to entry of a Default Judgment.

2. Defendant failed to submit fringe benefit contributions due to the Plaintiffs during the period of June, July, and August 2000 totaling at least $211,629.17. This amount is based upon the records submitted by the employees.

3. Defendant owes Plaintiffs $21,162.92 in liquidated damages.

4. Plaintiffs are entitled to their reasonable attorney fees and costs in the amount of $6,760.82.

## ORDER

**IT IS ORDERED:**

1. That Plaintiffs' Motion for Default Judgment is **GRANTED**.

2. That Plaintiffs shall have judgment against Defendant National Surface Cleaning, Inc. in the amount of $239,552.91.

Dated: April 26, 2001

RICHARD H. KYLE
United States District Judge

APR 26 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with thc District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995